UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT O. KINCHEN, JR.                              CIVIL ACTION

VERSUS                                              NO.  06-3516

ED BUIE and                                         SECTION "N" (4)
FRANKIE L. KINCHEN

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915e(2).  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.    **Factual and Procedural Background**

The plaintiff, Robert O. Kinchen, Jr., was a prisoner housed in the Federal Correctional Center in Oakdale, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint.  Kinchen filed this complaint against Frankie L. Kinchen and Ed Buie requesting the "courts to reviewed [sic] the recent decision and hopefully go to some legal issues to resolve this

case."[1]  Attached to the complaint are the following:[2] (1) a copy of Kinchen's pay stub; (2) a copy of a check issued by DiAnna Fay Zachary on July 3, 2006, to the order of Robbie Kinchen for $80.00; and (3) a copy of a check issued by Betsy A. O'Leary to Robert O. Kinchen in the amount of $31.50.  The relevance of these checks is unclear and not explained or referenced by Kinchen.

Kinchen also attached copies of two documents entitled "Statement of Claim and Citation" from the City Court of Hammond, Small Claims Division.[3]  In these pleadings, Kinchen alleged that he was seeking to recover $1,500.00 which he submitted for payment to Ed Buie to represent him as counsel in a labor dispute.  He indicates that he gave the money to Frankie Kinchen to give to Buie but "nothing transpired."[4]  The Small Claims Division apparently returned this complaint to Kinchen because the request exceeded that Court's jurisdictional limit.

Kinchen has also submitted to the Court a statement of facts in which he urges the Court to render a just decision pursuant to La. Rev. Stat. Ann. § 23:1472(12), (20).[5]  He attached thereto the May 30, 1995, "Decision of Administrative Law Judge" issued by the State of Louisiana Appeal Tribunal for the Office of Employment Security in Baton Rouge, Louisiana.  The resolve of the administrative law judge was that Kinchen's request for Louisiana unemployment insurance benefits be remanded to the agency for further investigation.  Kinchen has failed to indicate the relevance of this document to the claims before this Court.

---

[1] Rec. Doc. 5.

[2] Rec. Doc. Nos. 5, 5-2.

[3] Rec. Doc. No. 5, 5-2.

[4] Rec. Doc. No. 5-2.

[5] Rec. Doc. No. 14.  These statutory references comprise definitions for the terms "employment" and "wages" for purposes of Louisiana laws on unemployment compensation.

On April 23, 2007, on the recommendation of the undersigned, the Court dismissed with prejudice Kinchen's claims against Ed Buie for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Kinchen's claims against Frankie Kinchen are the only remaining claims before the Court.

## II.     **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

In the complaint itself, Kinchen neither sets forth nor suggests a comprehensible set of facts, a coherent claim for relief, a cognizable federal cause of action, or any basis for this court's jurisdiction as required under Fed. R. Civ. P. Rule 8.[6] The burden of establishing jurisdiction rests with the party who invokes federal jurisdiction. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). Without a basis for jurisdiction, Kinchen's complaint must be dismissed.

**A.    Federal Question Jurisdiction**

The district courts of the United States have original subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. This jurisdiction includes actions to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution. 28 U.S.C. §§ 1331, 1343(a)(3).

Under a broad reading of Kinchen's complaint, and the other relevant pleadings outlined above, the Court can find no basis for its jurisdiction.[7] Affording the pleading the most generous of construction, Kinchen at best alleges that his relative, Frankie Kinchen, took money from him to pay Ed Buie and the money was neither returned nor did Buie take action on his behalf.

Even with this broad reading, Kinchen has not alleged the violation of a constitutional right or other federal law by the named defendants. The defendants named were neither federal nor state

---

[6]Rule 8(a) of the Federal Rules of Civil Procedure provides that "(a) pleading which sets forth a claim for relief, . . ., shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgement for the relief the pleader seeks."

[7]*Pro se* complaints are to be construed broadly in favor of that party. *U. S. v. Fuller*, 453 F.3d 274, 276 (5th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

actors who could be bound to act within the boundaries of the Constitution or any specific state or federal law.  Kinchen has not alleged a basis for federal subject matter jurisdiction as required by Fed. R. Civ. P. 8.

### B.	Diversity Jurisdiction

A federal court also has jurisdiction under Title 28 U.S.C. § 1332 where the parties are of diverse citizenship.  Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The law is long established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).

Construed broadly, Kinchen's complaint may state certain claims under Louisiana law, including negligence, conversion or other state torts.  In the absence of any federal claim, these claims may be prosecuted in a federal court only if his citizenship is different from that of the defendants and his claims exceed the jurisdiction amount.  Neither appears to be the case here.

Kinchen has not specifically pled his citizenship or that of either defendant.  That notwithstanding, it is clear from the complaint and the other relevant pleadings, that Kinchen's claims do not exceed the jurisdictional amount of $75,000.00.  At best, Kinchen has requested the return of approximately $1,500.00.  Under these circumstances, the court does not have diversity jurisdiction.

Therefore, Kinchen has failed to state a basis for this Court's jurisdiction, either federal question or diversity.[8]  Without a basis for federal jurisdiction, the claims in this complaint should be dismissed as frivolous because the Court lacks jurisdiction.

## IV.     Recommendation

**IT IS THEREFORE RECOMMENDED** that Robert O. Kinchen, Jr.'s complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915 because this Court lacks jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of June 2008.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[8]The Court also has no basis to exercise its supplemental jurisdiction under Title 28 U.S.C. 1367 since Kinchen has not stated a federal claim.  As noted, his claims against the two named defendants at best sound in state tort law.